UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  CV 22-7971-RAO                    Date:   May 10, 2023
Title:       Daniel E. Grigson v. Robert Lopez et al.

Present:        The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

|  Donnamarie Luengo  |  Tape No.: CS 5/10/2023  |
|  Deputy Clerk  |  Court Recorder: CourtSmart  |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Ray Weber | Leah Godesky |
| Laura Gentilcore | |
| Melenie Van | |

**Proceedings:**        **MINUTES AND ORDER RE: MOTION TO DISMISS [43]**

The case was called for a hearing by Zoom.  Counsel made their video appearances.  The Court shared its tentative views on the pending Motion to Dismiss and heard argument from the parties.  The Court mostly adopts its tentative rulings and issues the following order on the Motion to Dismiss.

In this action, Plaintiff Daniel E. Grigson ("Plaintiff") claims that the song "Some Things Never Change" from the animated feature film Frozen II infringes on his copyrights for the musical composition and sound recording of a song he co-authored titled "That Girl."  Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a More Definite Statement under Federal Rule of Civil Procedure 12(e) ("Motion") filed by Defendants Robert Lopez and Kristen Anderson-Lopez (the "Lopezes") and Defendants The Walt Disney Company, Disney Enterprises, Inc., Hollywood Records, Inc., and Disney DTC, LLC (the "Disney Defendants") (collectively with the Lopezes, the "Defendants").  Dkt. No. 43.  Defendants move for an order dismissing Counts VI-IX of Plaintiff's Amended Complaint—Plaintiff's claims for infringement of the copyright for the sound recording—with prejudice and for an order requiring Plaintiff to replead the remaining Counts.  Mot. at 2.  Defendants do not move to dismiss Plaintiff's claims for infringement of the copyright for the musical composition and have filed an Answer in response to those claims.  *See id.*; Dkt. No. 44.   Plaintiff filed an Opposition to the Motion on April 12, 2023.  Dkt. No. 54.  Defendants filed a Reply on April 26, 2023.  Dkt. No. 55.

For the reasons set forth below, Defendants' Motion is GRANTED-IN-PART and Counts VI-IX of the First Amended Complaint are dismissed with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-7971-RAO                               Date:   May 10, 2023

Title:       Daniel E. Grigson v. Robert Lopez et al.

## I.    BACKGROUND[1]

Plaintiff initiated this action on November 1, 2022.  Dkt. No. 1.  On February 13, 2023, Plaintiff filed a First Amended Complaint ("FAC"), the operative pleading.  Dkt. No. 36. Defendants filed an Answer to the FAC, except as to those Counts they move to dismiss.  Dkt. No. 44.

Plaintiff brings this action under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*  FAC ¶ 1.  Plaintiff is a songwriter, performing artist, musician, and recording artist.  *Id.* ¶ 24.  Plaintiff and Neal Bedford Bryant ("Bryant") are coauthors of the words and music, and the song recording, for the song "That Girl."  *Id.*  "That Girl" was released in 1999 as part of a CD that was available on mp3.com.  In 2000, Plaintiff applied for copyright registration of the "words and music" for "Breakfast Songs Volume 1," which included "That Girl."  *Id.* ¶ 25 & Ex. 1.  Plaintiff and Bryant are listed as co-authors on the registration.  *Id.*, Ex. 1.

Until December 29, 2005, Plaintiff was the owner of an undivided one-half interest in the copyright in the musical composition for "That Girl."  *Id.* ¶ 32.  On September 12, 2005, Plaintiff and his wife filed for bankruptcy and Plaintiff failed to list his undivided one-half interest in this copyright.  *Id.*  Because of this omission, Plaintiff's undivided one-half interest in the musical composition remains with the bankruptcy Trustee.  *Id.*

On August 16, 2022, Plaintiff applied for copyright registration of the sound recording for "That Girl."  *Id.* ¶ 31 & Ex. 5.  On August 20, 2022, Bryant assigned all of his right, title, and interest in and to "That Girl", including words (lyrics), music, and sound recording, including any and all songs, and all related copyrights, to Plaintiff.  *Id.* ¶ 30 & Ex. 2.

The Lopezes are co-authors of the song "Some Things Never Change," from the animated feature film Frozen II.  *Id.* ¶¶ 36, 37.  Plaintiff alleges that "Some Things Never Change" was written at the direction of or in concert with the Disney Defendants.  *Id.* ¶ 38.

After Plaintiff heard the song "Some Things Never Change," he did his own analysis of the audio files for both songs and found the musical similarity to be "striking."  *Id.* ¶ 47.  Dr. Robert Tomaro, an experienced forensic musicologist, was retained to perform a comparative

---

[1] For purposes of this motion to dismiss, the factual allegations in Plaintiff's First Amended Complaint are accepted as true.  *See Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-7971-RAO                          Date:   May 10, 2023
Title:        Daniel E. Grigson v. Robert Lopez et al.

analysis. *Id.* ¶ 49. Dr. Tomaro found eight significant similarities in the following areas: melodies and melodic structure; musical forms and musical gestures; rhythm sections parts; tempos; chord progressions; cadences at the end of the choruses; lyrics; and arrangements and lyrical structures. *Id.* ¶ 51. Dr. Tomaro opined that the similarities could only be explained by copying. *Id.* ¶ 58. Thus, Plaintiff alleges that Defendants infringed on Plaintiff's rights in both the musical composition and sound recording of "That Girl." *Id.* ¶ 59.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal, as a matter of law, "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center,* 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). To survive a Rule 12(b)(6) motion, a plaintiff must allege enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility does not mean probability, but does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading that offers mere "labels and conclusions" or "a formulaic recitation of a cause of action's elements will not do." *Twombly,* 550 U.S. at 555.

In considering a motion to dismiss, a court must accept all factual allegations in the complaint as true "and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). The Court may consider documents incorporated into the complaint by reference, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007), but is not required to blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences, nor accept as true allegations that are contradicted by the exhibits attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal Rule of Civil Procedure 12(e) ("Rule 12(e)") allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-7971-RAO                          Date:   May 10, 2023

Title:       Daniel E. Grigson v. Robert Lopez et al.

---

III.   **DISCUSSION**

A.   **Validity of Copyright Registration for the Sound Recording**

Defendants argue that the certificate of registration attached to the FAC is invalid because, at the time of application, Plaintiff had no rights to the sound recording copyright and misrepresented his ownership interest.  Mot. Mem. P. & A. at 7.  Defendants assert that Plaintiff lost any interests he had when he failed to disclose them during his bankruptcy proceedings, and the assignment from his coauthor Bryant is dated four days after he applied for the copyright registration.  *Id.* at 7-8.

Plaintiff responds that the copyright registration is *prima facie* evidence of validity, and Defendants' challenge is a merits question that should not be resolved at the pleadings stage.  Opp'n at 8.  Plaintiff further contends that only the knowing failure to advise the Copyright Office of facts which might have occasioned a rejection would constitute a reason for holding the registration invalid.  *Id.* at 10.

A civil action for infringement of a copyright may not be instituted "until preregistration or registration of the copyright claim has been made."  17 U.S.C. § 411(a).  "A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'"  *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (citing 17 U.S.C. § 410(c)).  A certificate of registration with inaccurate information can satisfy the § 411(a) requirement unless "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate," and "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."  17 U.S.C. § 411(b)(1).  "Lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration."  *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941, 945 (2022).  Courts may consider "circumstantial evidence, including the significance of the legal error, the complexity of the relevant rule, the applicant's experience with copyright law, and other such matters" to determine whether an applicant for a copyright registration lacked knowledge of legally inaccurate information.  *Id.* at 948.

Plaintiff's attachment of the copyright registration for the sound recording is *prima facie* evidence of validity.  Defendants challenge that evidence, but the Court is unable to conclude, based on the pleadings, that Plaintiff included inaccurate information on his registration with

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-7971-RAO                                          Date:   May 10, 2023
Title:        Daniel E. Grigson v. Robert Lopez et al.

knowledge that it was legally and factually inaccurate. *See Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 779 (E.D. Cal. 2021) (noting that "it seems unlikely that the issue of knowledge or inadvertence will be able to be decided before either a summary judgment motion or a trial"); *Datastorm Technologies, Inc. v. Excalibur Communications, Inc.*, 888 F. Supp. 112, 115 (N.D. Cal. 1995) (noting that while a certificate of registration only grants a presumption of validity, "such a presumption is strong in a motion to dismiss since the court must assume all factual allegations are true"). At most, it appears that at the time Plaintiff submitted his application for the copyright registration, Plaintiff was aware, factually, that he had previously filed for bankruptcy without disclosing his copyright interests and that his coauthor Bryant had not yet assigned his copyright interests to Plaintiff in writing. This does not show that Plaintiff was aware, legally, that he was including inaccurate information in his application. Moreover, even if the Court could reach such a conclusion based only on the pleadings, the Court would need to request the Register of Copyright to advise whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration. *See* 17 U.S.C. § 411(b)(2).

The Court is not persuaded by Defendants' citation to *Raquel v. Educ. Mgmt. Corp.*, 196 F.3d 171 (3d. Cir. 1999). *Raquel* predates the enactment of 17 U.S.C. § 411(b). *See* Prioritizing Resources and Organization for Intellectual Property Act of 2008, Pub. L. 110-403, 122 Stat. 4256 (2008). Under § 411(b), the materiality of an inaccuracy in a copyright registration is not for a court to determine. *See* 17 U.S.C. § 411(b)(2). Even on the issue of inadvertence or innocent error, *Raquel* is distinguishable. The copyright registration in *Raquel* was executed by an attorney. 196 F.3d at 179. Here, there is nothing in the pleadings to suggest that Plaintiff submitted the copyright registration for the sound recording through an attorney and the Court cannot conclude at this stage of the proceedings that Plaintiff was aware both factually and legally of an inaccuracy in his copyright registration.

The Court DENIES Defendants' Motion as to the validity of the copyright registration of the sound recording. The denial is without prejudice to Defendants raising the issue at a later stage in the case.

### B.        Infringement of the Sound Recording

Defendants contend that Plaintiff has not sufficiently alleged that Defendants copied the actual sounds from any recording of "That Girl." Mot. Mem. P. & A. at 4. Defendants point to Plaintiff's allegation that "it is not known if the actual sounds from 'That Girl' are used in the song

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-7971-RAO                                      Date:   May 10, 2023
Title:         Daniel E. Grigson v. Robert Lopez et al.

'Some Things Never Change.'"  *Id.* at 5 (citing FAC ¶ 94).  Defendants maintain that Plaintiff's vague assertions that Defendants "re-recorded" or "re-played" certain sounds are not sufficient because another sound recording consisting of an independent fixation of other sounds does not infringe a sound recording.  *Id.* at 5.  Plaintiff responds that the FAC includes factual allegations to support the sound recording claim.  Opp'n at 3-4.

A sound recording is "the sound produced by the performer's rendition of the musical work."  *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (citing 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 2.10).  Under 17 U.S.C. § 114, the exclusive rights of the owner of copyright in a sound recording are limited to "the right to duplicate the sound recording in the form of phonorecords or copies that directly or indirectly recapture the actual sounds fixed in the recording," "the right to prepare a derivative work in which the actual sounds fixed in the sound recording are rearranged, remixed, or otherwise altered in sequence or quality," the right "to distribute copies or phonorecords of the copyrighted work," and the right "to perform the copyrighted work publicly by means of a digital audio transmission."  17 U.S.C. § 114 (a), (b); 17 U.S.C. § 106(1), (2), (3), (6).  The rights "do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording."  17 U.S.C. § 114(b).  At least one district court has found that "in order to state a claim for copyright infringement of a sound recording, the complaint must allege that the actual sounds fixed in the copyrighted sound recording were duplicated in the infringing song."  *Marshal v. Huffman*, No. C 10-1665 SI, 2010 WL 5115418, at *4 (N.D. Cal. Dec. 9, 2010).

Plaintiff's allegation that "it is not known if the actual sounds from 'That Girl' are used in the song 'Some Things Never Change,'" FAC ¶ 94, does not automatically defeat his claims.  A plaintiff may "plead[] facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible."  *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).  As Plaintiff argues, without discovery, Plaintiff is not likely to know whether Defendants used actual sounds from "That Girl" in "Some Things Never Change."  This is the type of fact that would be in the sole possession and control of Defendants.  Plaintiff may still plead a claim for infringement of his sound recording based upon information and belief with factual allegations that make an inference of infringement plausible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 22-7971-RAO                                    Date:  May 10, 2023

Title:      Daniel E. Grigson v. Robert Lopez et al.

However, Plaintiff's allegation that "certain sounds were re-recorded or re-played from [Plaintiff's] song into [Defendants'] song," FAC ¶ 94, is vague and speculative.  *See Diaz v. Chase*, 416 F. Supp. 3d 1090, 1097 (D. Nev. 2019) (dismissing claim where allegations based on information and belief were conclusory and "speculative guesswork").   While the terms "re-recorded" or "re-played" could be construed as the duplication of actual sounds, the phrase "certain sounds" does not sufficiently put Defendants on notice of Plaintiff's theory of infringement of the sound recording.  Plaintiff also points to Paragraphs 46-59 of the FAC as supporting his claims for infringement of the sound recording.  Opp'n at 3-4.  The summary of these allegations is that "the similarities in the songs are so striking that they can only be explained by copying," FAC ¶ 57, not that actual sounds from the sound recording were duplicated.  The Court agrees with Defendants that most of the allegations in these paragraphs do not support a claim that actual sounds of the sound recording were duplicated.  For example, similarities in "beat, rhythm, feel, theme," FAC ¶ 46, or in "structure and lyrics," *id.* ¶ 48, do not lead to an inference that Defendants used actual sounds from Plaintiff's sound recording.

Plaintiff also points more specifically to Paragraphs 53(a) and 56(h) regarding specific guitar sounds.  Opp'n at 7.  This suggests that Plaintiff's claim for infringement of the sound recording may be based on alleged duplication of actual sounds of the acoustic guitar portions of the recording.  *See* FAC ¶ 53(a) (noting "nearly identical acoustic guitar underlying the majority of both songs"); FAC ¶ 56(h) (noting "[t]he rhythmic structure of the acoustic guitar parts in both songs are identical").   However, without the explanation provided by Plaintiff in his Opposition, it is not apparent from the face of the FAC that Plaintiff's claims for infringement of the copyright of the sound recording rely on these specific allegations regarding the guitar parts, rather than other allegations of Paragraphs 46-59.  Thus, the Court GRANTS Defendants' Motion as to the failure to plead facts to support a claim for infringement of the copyright for the sound recording.

**C.      Leave to Amend**

After the period to amend as a matter of course has passed, a party generally "may amend its pleading only with the opposing party's written consent or the court's leave."  *See* Fed. R. Civ. P. 15(a)(2).  The Federal Rules of Civil Procedure encourage courts to "freely give leave when justice so requires," *id.*, and the Ninth Circuit has instructed courts in this circuit to apply Rule 15(a)(2) liberally.  *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 22-7971-RAO                           Date:   May 10, 2023

Title:      Daniel E. Grigson v. Robert Lopez et al.

The Court finds that with amendment, Plaintiff could set forth facts to support a plausible inference of Defendants' use of actual sounds from the sound recording.  Thus, the Court will grant Plaintiff leave to amend.  However, Plaintiff is reminded that he should not proceed with these claims unless he has a good-faith belief, based on a reasonable inquiry, that Defendants duplicated actual sounds from the sound recording of "That Girl."

###  D.      Rule 12(e) Motion

Defendants argue that the Counts of the FAC are disorganized and incoherent, which will likely cause issues later in the litigation.  Mot. Mem. P. & A. at 8-9.  The Court finds that the FAC is not "so vague or ambiguous" that Defendants cannot "reasonably prepare a response" under Rule 12(e).  While each Count listed in the FAC might not state a separate cause of action, this has not precluded Defendants from preparing a response to the FAC in the form of the instant partial Motion to Dismiss and an Answer.  Moreover, Rule 12(d)(2) permits alternative statements of a claim in separate counts.  Fed. R. Civ. P. 12(d).  Thus, there is no requirement that all statements or theories of a claim must be pled in a single count.  The Court DENIES Defendants' motion for a more definite statement under Rule 12(e).

## IV.      CONCLUSION

Defendants' Motion is GRANTED-IN-PART as to Plaintiff's claims for copyright infringement of the sound recording.  Defendants' Motion is DENIED-IN-PART as to the request to dismiss those claims with prejudice and as to the request for a more definite statement under Rule 12(e).  Plaintiff's claims for infringement of the copyright for the sound recording are dismissed with leave to amend.  Plaintiff may file a further amended complaint within 14 days of the date of entry of this order.  If Plaintiff files a further amended complaint, Defendants' response shall be due within 14 days of service of the amended complaint.

**IT IS SO ORDERED.**

|                        |   0   |  :  |  30   |
|------------------------|-------|-----|-------|
| Initials of Preparer   |       | dl  |       |